Plaintiff corporation instituted this action against defendants, the Roman Catholic Archbishop of the Archdiocese of Philadelphia, the Chancellor of the Archdiocese, the Archdiocese itself, and a priest of the Roman Catholic Church, to recover damages in the sum of $100,000 for the alleged interference with its contractual rights. Plaintiff, for a period of ten years, conducted a series of radio programs over a radio station in Philadelphia operated by a corporation. The contracts for these broadcasts had been annual ones, the last of which expired in March of 1936. At that time, the broadcasting corporation refused to renew the contract for another year, which it is said was provided for in the contract. The contract is not pleaded. It is alleged that the refusal to renew the contract was *Page 288 
due to defendants' improper acts. It is asserted that in February of 1936 the defendant, Reverend Clarke, a priest of the Roman Catholic Church, addressed a letter to the radio station and to the department store which it is alleged controls the corporation operating the station, in which he protested against the radio station permitting Judge Rutherford, plaintiff's president and official spokesman, to use its facilities on the ground that he "attacks the Catholic Church, misrepresents her teachings and foments religious hatred and bigotry." The letter concluded with the statement that if Judge Rutherford was permitted to conduct his weekly broadcasts, the store was to remove Reverend Clarke's name from the charge account list. The statement of claim further set forth that defendants procured their parishioners and other adherents to write protesting and threatening letters to the station and to the store and to make a great many personal visits and telephone calls to them, demanding that they refuse to allow further broadcasts by plaintiff or by Judge Rutherford.
The court below permitted the statement to be amended and thereafter sustained defendants' affidavits of defense raising questions of law and entered judgment for them.
The order of the court below was proper. No valid cause of action was pleaded. The defendants are leaders of their church. They cannot be mulcted in damages for protesting against the utterances of one who they believe attacks their church and misrepresents its teaching or for inducing their adherents to make similar protests. A right of action does not arise merely because a group withdraws its patronage or threatens to do so and induces others to do likewise where the objects sought to be obtained are legitimate. See Cote v. Murphy, 159 Pa. 420,28 A. 190; Kirmse v. Adler, 311 Pa. 78, 166 A. 566; 12 C. J. 599.
Judgment affirmed. *Page 289